71489. POLITE v. CAREY HILLIARDS RESTAURANTS, INC.
(338 SE2d 541)

McMURRAY, Presiding Judge.

Plaintiff Polite alleges that he purchased a seafood platter from defendant Carey Hilliards Restaurants, Inc., and that while eating the seafood platter a piece of fishbone contained in said platter became lodged in his throat causing medical expense and other damages. When deposed, plaintiff testified that the one inch piece of fishbone was concealed within the portion of fish served on the platter, that there was nothing unusual in the appearance of the piece of fish before he ate it; and that the fish tasted fine. Defendant's evidence is that fish fillets which it served were processed and purchased from a third party (not a party to the action).

Defendant's motion for summary judgment was granted. Plaintiff appeals arguing that issues remain as to negligence and as to whether the fish was adulterated. *Held*:

1. The presence of a piece of fishbone in a portion of fish does not authorize an inference of negligence in preparing and furnishing the food to plaintiff. The defendant was not required, in the exercise of ordinary care, to discover and eliminate every piece of bone. *Norris v. Pig'n Whistle Sandwich Shop*, 79 Ga. App. 369, 374 (2a) (53 SE2d 718).

Also, we note that plaintiff has failed to rebut evidence that the fish fillet was processed by a third party from whom it was purchased and that the fishbone was concealed within the fish fillet. No issues remain as to negligence.

2. Plaintiff contends that the fish was adulterated food as defined by OCGA § 26-2-26 (1). OCGA § 26-2-26 (1) provides that a food shall be deemed to be adulterated if: "It bears or contains any poisonous or deleterious substance which may render it injurious to health; but, *in case the substance is not an added substance, such food shall not be considered adulterated under this paragraph if the quantity of such substance in such food does not ordinarily render it*

*injurious to health.*" (Emphasis supplied.) Contrary to plaintiff's contention, medical evidence is not necessary to establish the proposition that a one inch piece of fishbone in a fish fillet does not ordinarily render it injurious to health. Such is a matter of common knowledge. "A particle of bone in a food prepared from [fish] is something which one might ordinarily expect to find in the food, and one should anticipate its presence and guard against possible injury from swallowing it." *Norris v. Pig'n Whistle Sandwich Shop*, 79 Ga. App. 369, 375 (a), supra. The trial court did not err in granting summary judgment in favor of defendant.

*Judgment affirmed. Banke, C. J., and Benham, J., concur.*

DECIDED DECEMBER 3, 1985.

*Willyerd R. Collier*, for appellant.
*Eric A. Brewton*, for appellee.