534 So.2d 872 (1988)
Tina KOPERWAS, Appellant,
v.
PUBLIX SUPERMARKETS, INC., and Doxsee Food Corporation, Appellees.
No. 87-289.
District Court of Appeal of Florida, Third District.
December 6, 1988.
Horton, Perse & Ginsberg and Edward A. Perse, Carroll & Halberg, for appellant.
Preddy, Kutner, Hardy, Rubinoff, Brown & Thompson and G. William Bissett, for appellees.
Before BARKDULL and NESBITT, JJ., and HELIO GOMEZ, Associate Judge.
HELIO GOMEZ, Associate Judge.
Plaintiff appeals from an adverse final judgment granting directed verdicts in favor of defendants in a personal injury action. We affirm.
*873 Plaintiff, Tina Koperwas, purchased a can of Doxsee clam chowder at a Publix store. While eating the chowder, she injured one of her molars when she bit down on a piece of clam shell. Plaintiff filed an action against Publix and Doxsee for breach of implied warranty. In the complaint she alleged that the chowder "was not fit for use as food, but was defective, unwholesome and unfit for human consumption" and "was in such a condition to be dangerous to life and health." At trial, the deposition of Doxsee's general manager was read into evidence, in which he described the "state of the art" methods Doxsee employed in manufacturing its clam chowder. At the close of plaintiff's case, the defendants moved for directed verdicts. Plaintiff argued that a jury should decide whether Doxsee used unreasonable care in the manufacture of the chowder. The trial judge disagreed and granted directed verdicts in favor of the defendants. Plaintiff now appeals.
One of the leading cases in Florida is Zabner v. Howard Johnson's, 201 So.2d 824 (Fla. 4th DCA 1967), which adopted the "reasonable expectation" test for determining liability. The Zabner court held that "[t]he question of whether food is fit for the purpose intended although it contains walnut shells or other substances must be based on what the consumer might reasonably expect to find in the food as served ... and what is reasonably expected by a consumer is a jury question in most cases." 201 So.2d at 828. "But where the evidence is such that all reasonable men in the exercise of an honest and impartial judgment must draw the conclusion that no breach of duty on the part of defendant[s] has been shown, it is not error to direct a verdict in defendant[s'] favor." Messner v. Webb's City, Inc., 62 So.2d 66, 67 (Fla. 1952).
The reasonable expectation test developed in Zabner supports the trial court's direction of verdicts for defendants. An occasional piece of clam shell in a bowl of clam chowder is so well known to a consumer of such product that we can say the consumer can reasonably anticipate and guard against it. See Morrison's Cafeteria of Montgomery v. Haddox, 431 So.2d 975 (Ala. 1983) (consumer would reasonably expect to find a small bone in a fish fillet); Webster v. Blue Ship Tea Room, 347 Mass. 421, 198 N.E.2d 309 (1964) (plaintiffs should be prepared to cope with the hazards of occasional fish bones in chowder, the presence of which seems to be anticipated); Allen v. Grafton, 170 Ohio St. 249, 164 N.E.2d 167 (1960) (oyster shell attached to oyster can be reasonably anticipated and guarded against). Accordingly, the final judgment is affirmed.
AFFIRMED.
BARKDULL, J., concurs.
NESBITT, Judge (dissenting):
I respectfully dissent. The majority opinion purportedly follows the "reasonable expectation" test found in Zabner v. Howard Johnson's, 201 So.2d 824 (Fla. 4th DCA 1967), but in reality, applies the Massachusetts-New York rule (whereby the test is whether a substance found in a food rendered it unwholesome or unfit for consumption) as well as the "foreign/natural" test found in Ohio, Alabama, and other jurisdictions (whereby the test is whether the substance in the food which caused injury was foreign or natural to the food). The majority, thus, has unwittingly ruled in conflict with Zabner which rejected both those tests. I would follow Zabner and reverse. Simply because clams in their natural form come in shells does not necessarily lead one to the conclusion, as a matter of law, that a consumer of clam chowder should reasonably anticipate and guard against the presence of potentially injurious pieces of shell in the chowder he or she eats. Such is a question of fact to be determined by a jury.