MATHEWS, et al., Appellants,

v.

MAYSVILLE SEAFOODS, INC., et al., Appellees.

[Cite as *Mathews v. Maysville Seafoods, Inc.* (1991), 76 Ohio App.3d 624.]

Court of Appeals of Ohio,
Butler County.

No. CA91–04–065.

Decided Dec. 30, 1991.

*Sharon E. Deal,* for appellants.

*Baden, Jones & Scheper* and *James H. Scheper,* for appellee Maysville Seafoods, Inc.

*Lindhorst & Dreidame* and *J. Roger Blust,* for appellee L & R Seafoods Marketing, Inc.

EDWARD J. MAHONEY, Judge.

Plaintiffs-appellants, James R. Mathews and Nella Mathews, appeal from an order granting summary judgment in favor of defendants-appellees, Maysville Seafoods, Inc. and L. & R. Seafoods Marketing, Inc. We affirm.

Plaintiffs alleged in their complaint that, on August 20, 1989, they dined at a Long John Silver Seafood Restaurant ("L.J.S.") in Middletown operated by Maysville Seafood, Inc. James Mathews consumed a fish fillet supplied to L.J.S. by L & R Seafoods Marketing, Inc. The fish fillet contained a fish bone, alleged to have been some one and a half inches in length, which penetrated Mathews' small bowel, requiring surgery. Plaintiffs alleged negligence on the part of the defendants. A loss of consortium claim was made by Nella Mathews.

The defendants moved for summary judgment. They argued that the plaintiffs could not demonstrate that any action on their part was the proximate cause of James Mathews' injury, that as a matter of law the presence of a fish bone in a piece of fish could not give rise to a negligence claim, and that plaintiffs were not husband and wife on August 20, 1989.

The trial court overruled the motions for summary judgment on the proximate causation issue, but, citing *Allen v. Grafton* (1960), 170 Ohio St. 249, 10 O.O.2d 289, 164 N.E.2d 167, found that as a matter of law James Mathews should have reasonably anticipated and guarded against fish bones in a fish dish. The loss of consortium claim was found to be moot.

Assignment of Error No. 1:

"The trial court erred in sustaining the motion for summary judgment as a genuine issue of material fact exists."

Plaintiffs urge us to adopt the "reasonable expectation" test as opposed to the "foreign-natural" test in cases where a consumer is injured by a substance which is natural to the food item consumed. The "foreign-natural" test is found in *Mix v. Ingersoll Candy Co.* (1936), 6 Cal.2d 674, 682, 59 P.2d 144, 148:

"Bones which are natural to the type of meat served cannot legitimately be called a foreign substance, and a consumer who eats meat dishes ought to anticipate and be on his guard against the presence of such bones."

The "reasonable expectation" test is found in *Zabner v. Howard Johnson's Inc.* (Fla.App.1967), 201 So.2d 824, 826–827:

"The test should be what is 'reasonably expected' by the consumer in the food as served, not what might be natural to the ingredients of that food prior to preparation. * * * As applied to the action for common-law negligence, the test is related to the foreseeability of harm on the part of the defendant. The defendant is not an insurer but has the duty of ordinary care to eliminate or remove in the preparation of the food he serves such harmful substances as the consumer of the food, as served, would not ordinarily anticipate and guard against."

The leading case in Ohio is *Allen v. Grafton* (1960), 170 Ohio St. 249, 10 O.O.2d 289, 164 N.E.2d 167, in which the plaintiff was injured after swallowing a piece of oyster shell contained in a serving of fried oysters. The *Allen* court held in the syllabus:

"The presence in one of a serving of six fried oysters of a piece of oyster shell approximately 3 × 2 centimeters (about 1⅕ inches by ⅘ of an inch) in diameter will not justify a legal conclusion either (a) that that serving of fried oysters constituted 'food' that was 'adulterated' within the meaning of Section 3715.59, Revised Code, or (b) that that serving constituted food not 'reasonably fit for' eating."

The *Allen* court explained its decision as follows:

"In the instant case, it is not necessary to hold, as some of the above-cited cases do, that, because an oyster shell is natural to an oyster and thus not a substance 'foreign' to an oyster, no liability can be predicated upon the sale of a fried oyster containing a piece of oyster shell. However, the fact, that something that is served with food and that will cause harm if eaten is natural to that food and so not a 'foreign substance,' will usually be an important factor in determining whether a consumer can reasonably anticipate and guard against it. * * *

"In our opinion, the possible presence of a piece of oyster shell in or attached to an oyster is so well known to anyone who eats oysters that we can say as a matter of law that one who eats oysters can reasonably anticipate and guard against eating such a piece of shell, especially where it is as big a piece as the one described in plaintiff's petition." *Allen, supra,* at 258–259, 10 O.O.2d at 294, 164 N.E.2d at 174.

A review of the cases reveals that most courts believe that the *Allen* court adopted the "foreign-natural" test. See *Jackson v. Nestle–Beich, Inc.* (1991), 212 Ill.App.3d 296, 301, 155 Ill.Dec. 508, 511, 569 N.E.2d 1119, 1122; *Evart v. Suli* (1989), 211 Cal.App.3d 605, 611, 259 Cal.Rptr. 535, 539, n. 4; *Phillips v. Town of West Springfield* (1989), 405 Mass. 411, 412, 540 N.E.2d 1331, 1332; *Matthews v. Campbell Soup Co.* (S.D.Tex.1974), 380 F.Supp. 1061, 1063; *Musso v. Picadilly Cafeterias, Inc.* (La.App.1965), 178 So.2d 421, 426. See, also, *Webster v. Blue Ship Tea Room, Inc.* (1964), 347 Mass. 421, 198 N.E.2d 309. However, the court in *Koperwas v. Publix Supermarkets, Inc.* (Fla. App.1988), 534 So.2d 872, 873, appears to find *Allen* aligned in the "reasonable expectation" test column. This is also the apparent opinion of the court in *Thompson v. Lawson Milk Co.* (1976), 48 Ohio App.2d 143, 2 O.O.3d 112, 356 N.E.2d 309. Other Ohio courts following *Allen* have not addressed the question. See *Krumm v. ITT Continental Baking Co.* (Dec. 9, 1981), Fairfield App. No. 23–CA–81, unreported, 1981 WL 6575; *Schoonover v. Red*

*Lobster Inns of America, Inc.* (Oct. 15, 1980), Hamilton App. No. C–790547, unreported.

However, it is not necessary to decide whether the "reasonable expectation" test or the "foreign-natural" test holds sway in Ohio since, under either test, the order granting summary judgment must be affirmed.

While meaning no offense to James Mathews, we start with the proposition, bluntly stated in *Yong Cha Hong v. Marriott Corp.* (D.Md.1987), 656 F.Supp. 445, 449, that "everyone but a fool knows that tiny bones may remain in even the best fillets of fish." We acknowledge that the fish bone in the instant case, alleged to have measured about an inch and a half in length, might not be considered tiny. However, we are confident that it must be reasonably expected that even a fish fillet may contain fish bones. *Polite v. Carey Hilliards Restaurants, Inc.* (1985), 177 Ga.App. 170, 338 S.E.2d 541; *Schoonover v. Red Lobster Inns of America, Inc., supra.* In *Polite, supra,* the granting of a summary judgment was affirmed where plaintiff swallowed a one-inch fish bone concealed in a fish fillet. The *Polite* court employed the "foreign-natural" test. In *Koperwas v. Publix Supermarkets, Inc., supra,* the court, using the "reasonable expectation" test, stated that even under that test a directed verdict was sometimes proper:

"An occasional piece of clam shell in a bowl of clam chowder is so well known to a consumer * * * that we can say the consumer can reasonably anticipate and guard against it." *Koperwas, supra,* 534 So.2d at 873.

In *Ex parte Morrison's Cafeteria of Montgomery, Inc.* (Ala.1983), 431 So.2d 975, the court adopted the "reasonable expectation" test, but still held for the defendant as a matter of law:

"[A] one-centimeter bone found in a fish fillet 'makes that fish neither unfit for human consumption nor unreasonably dangerous.' * * *

"Courts cannot and must not ignore the common experience of life and allow rules to develop that would make sellers of food or other consumer goods insurers of the products they sell." *Id.* at 979; see *Zabner v. Howard Johnson's Inc., supra,* at 828 (application of the "reasonable expectation" test is a jury question in *most* cases).

Accordingly, we hold that as a matter of law a consumer must reasonably anticipate and guard against the presence of a fish bone in a fish fillet. This assignment of error is overruled.

Assignment of Error No. 2:

"James and Nella Mathews have been common law husband and wife since June 1986."

This assignment is moot given the disposition of the first assignment of error above. In any event, the assignment cannot be passed upon since the trial court did not reach the merits of the loss-of-consortium claim.

The judgment is affirmed.

*Judgment affirmed.*

JONES, P.J., and WALSH, J., concur.

EDWARD J. MAHONEY, J., retired, of the Ninth Appellate District, sitting by assignment.