The plaintiff-appellant, Robert Soles ("appellant"), appeals the decision of the Union County Court of Common Pleas granting summary judgment in favor of the appellee, Cheryl Co. Gourmet Foods and Gifts ("appellee"). For the following reasons, we affirm the judgment of the trial court.
The pertinent facts in this case are as follows. On or about January 14, 1997, the appellant was working at Honda of America located in Marysville, Union County, Ohio. While on a break, the appellant went to the lunchroom and purchased a pecan cookie manufactured by the appellee. When the appellant was halfway through the cookie, he bit down on something hard. The appellant spit the cookie out into a napkin and discovered that it contained a pecan shell about the size of a penny. As a result of biting the shell, the appellant suffered damage to his teeth.
On January 6, 1999, the appellant filed a complaint alleging that the appellee negligently baked the pecan shell into the cookie. The appellee filed a motion for summary judgment, which was granted by the trial court on August 9, 1999. It is from this judgment that the appellant now appeals.
The Rules of Appellate Procedure clearly set forth the requirements of an appellant's brief. In preparing the brief, the appellant's attorney failed to meet several of these requirements. Most notably, the appellant's brief fails to set forth the assignments of error he wishes to present for review. Appellate Rule 16, as well as common legal knowledge, specifically states that the appellant shall include in his brief a statement of the assignments of error presented for review. App.R. 16(A)(3). Without such, an appellate court would be unclear as to the issues the appellant wishes the court to review.
While not specifically set forth, this Court is able to ascertain from the argument the appellant makes in his brief the issues he wishes reviewed. It appears that the appellant is asserting two assignments of error.
Assignment of Error No. 1
 The trial court erred in granting the appellee summary judgment because a genuine issue of material fact exists as to who has the duty to guard against natural substances in food products.
In considering an appeal from the granting of a summary judgment, we review the grant of the motion for summary judgment independently and do not give deference to the trial court's determination. Schuch v. Rogers (1996), 113 Ohio App.3d 718, 720. Accordingly, we apply the same standard for summary judgment as did the trial court. Midwest Specialties, Inc. v. Firestone Tire Rubber Co. (1988), 42 Ohio App.3d 6, 8.
Summary judgment is proper when, looking at the evidence as a whole (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence, construed most strongly in favor of the nonmoving party, that reasonable minds could only conclude in favor of the moving party. Civ.R. 56(C); Horton v. Harwick Chemical Corp. (1995), 73 Ohio St.3d 679,686-87. To make this showing the initial burden lies with the movant to inform the trial court of the basis for the motion and identify those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280,293. Those portions of the record include the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action. Civ.R. 56(C). Once the movant has satisfied this initial burden, the burden shifts to the nonmovant to set forth specific facts, in the manner prescribed by Civ.R. 56(C), indicating that a genuine issue of material fact exists for trial.Dresher v. Burt, 75 Ohio St.3d at 293.
The appellant contends that whether or not a purchaser of food must guard against the presence of a pecan shell in a cookie is a question for the jury. The appellant relies on a Shaker Heights Municipal Court case to support this contention. Hecht v. Guinta Stopand Shop Market (1974), 40 Ohio Misc. 6. However, we find that case clearly distinguishable from the case sub judice and contrary to the well-established precedent set out by the Supreme Court of Ohio in Allen v. Grafton (1960), 170 Ohio St. 249.[1]
In Allen, the Supreme Court held that a piece of oyster shell approximately three by two centimeters in size, which was present in a fried oyster, was insufficient to justify the legal conclusion that an entire serving of six fried oysters was "adultered" or that it was not "reasonably fit for" consumption.Id. at paragraph one of the syllabus. In support of it's reasoning, the Supreme Court stated:
 * * * bones which are natural to the type of meat served cannot legitimately be called a foreign substance, and a consumer who eats meat dishes ought to anticipate and be on his guard against the presence of such bones. * * *
 Certainly no liability would attach to a restaurant keeper for the serving of T-bone steak, or a beef stew, which contained a bone natural to a type of meat served, or if a fish dish should contain a fish bone, or if a cherry pie should contain a cherry stone.
 Patton v. Flying J, Inc. (June 6, 1997) Wood App. No. WD-96-056, unreported, citing Allen v. Grafton, 170 Ohio St. at 253-54.
Subsequent to Allen, Ohio courts of appeals have held that the presence of fish bones in a fish fillet does not give rise to liability on the part of the preparer of such food, and one who eats such a dish must reasonably anticipate and guard against the presence of bones therein. Mathews v. Maysville Seafoods, Inc.
(1991), 76 Ohio App.3d 624, 627; Schoonover v. Red Lobster Inns ofAmerica, Inc. (Oct. 5, 1980), Hamilton App. No. C-790547, unreported. Courts have also held, as a matter of law, that one eating a cherry pie might reasonably anticipate and guard against eating a cherry pit. Krumm v. ITT Continental Baking Co. (Dec. 9, 1981), Fairfield App. No. 23-CA-81, unreported. The Mathews court reasoned, "courts cannot and must not ignore the common experience of life and allow rules to develop that would make sellers of food or other consumer goods insurers of the products they sell."Mathews v. Maysville Seafoods, Inc., 76 Ohio App.3d at 627, see, also, Patton v. Flying J, Inc., supra.
Upon review of the record in this matter, this court finds that common sense dictates that the presence of a pecan shell in a pecan cookie is a natural occurrence that the appellant reasonably should have anticipated and guarded against. Construing the evidence before the court most strongly in favor of the appellant, reasonable minds can only conclude that the appellee is entitled to summary judgment as a matter of law.
Accordingly, the appellant's first assignment of error is overruled.
Assignment of Error No. 2
 The trial court erred in granting the appellee summary judgment due to the Supreme Court of Ohio's recent declaration that House Bill 350 (Tort Reform) is unconstitutional.
The appellant asserts the Supreme Court of Ohio's recent declaration that House Bill 350 is unconstitutional warrants that the issues in this case be revisited. However, the appellant has failed to explain why or how that decision affects the issues in this case.
App.R. 16(A)(7) provides that an appellant's brief must include "an argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which the appellant relies." Under App.R. 12(A)(2) the court may "disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)."
While it is unclear whether the appellant meant for this to be an assignment of error, if he in fact did, he failed to provide any support for this contention. Therefore, the appellant's second assignment of error is overruled.
Having found no error prejudicial to the appellant, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 BRYANT, P.J., AND WALTERS, J., concur.
[1] The Hecht case involves peppercorns inserted and cooked into salami. The court based its decision, in part, on the fact that a peppercorn is not an item inherent in cooked salami. In contrast, a pecan shell is an item which is inherent to pecans.