OPINION
{¶ 1} Sylvia Lewis ("appellant") appeals the August 21, 2002 judgment entry of the Trumbull County Court of Common Pleas, granting summary judgment to Handel's Homemade Ice Cream and Yogurt ("appellees"). For the following reasons, we affirm the decision of the trial court in this matter.
 {¶ 2} On or about September 5, 1998, appellant purchased a double scoop ice cream cone from appellees' place of business located in Liberty Township, Ohio. The ice cream cone consisted of one scoop of banana ice cream and one scoop of pistachio nut ice cream. As appellant walked away from the counter where she ordered the cone, she began to consume the ice cream. After taking her third bite of pistachio nut ice cream, appellant claims to have bitten into a pistachio nut with the shell still intact. Upon biting into the shelled pistachio nut, appellant returned to the counter and notified appellees of the incident. Appellant was then given a vanilla ice cream cone in exchange for her original cone. As a result of biting into the shelled pistachio nut, appellant alleges that she suffered injuries to both her tooth and jaw.
 {¶ 3} Appellant subsequently filed her complaint against appellees on September 1, 2000. In her complaint, appellant alleged appellees' failure to inspect the pistachios constituted negligence and was the direct and proximate cause of appellant's injuries. Appellees filed their motion for summary judgment on May 18, 2001. Following an exchange of discovery and several depositions, the trial court granted appellees' summary judgment motion on August 21, 2002. This timely appeal followed. Appellant asserts the following assignment of error for our review:
 {¶ 4} "The trial court erred in granting defendants'/appellees' motion for summary judgment."
 {¶ 5} On appeal, a reviewing court conducts a de novo review of a trial court's summary judgment entry. Grafton v. Ohio Edison Co.,77 Ohio St.3d 102, 1996-Ohio-336. A de novo review requires an independent review of the trial court's decision without any deference to it. Andrews v. Carmody (2001), 145 Ohio App.3d 27, 31. Summary judgment is a procedural device designed to avoid a formal trial when there is nothing left to litigate. Norris v. Ohio Std. Oil Co. (1982),70 Ohio St.2d 1. Civ.R. 56(C) provides that summary judgment is proper when (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence, viewing the evidence most strongly in favor of the non-moving party, that reasonable minds can come to but one conclusion, which is adverse to the non-moving party. SeeZivich v. Mentor Soccer Club, Inc., 82 Ohio St.3d 367, 1998-Ohio-389.
 {¶ 6} Once a moving party satisfies their burden of supporting their motion for summary judgment with sufficient and acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that the non-moving party may not rest upon allegations or denials of the moving party's pleadings. Rather, the non-moving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine issue" exists to be litigated for trial. State ex rel. Zimmerman v.Tompkins, 75 Ohio St.3d 447, 1996-Ohio-211. A "genuine issue" exists when a reasonable jury could return a verdict for the non-moving party based upon the evidence. Anderson v. Liberty Lobby, Inc. (1986), 477 U.S. 242,248. The principal purpose for Civ.R. 56(E) is to allow the court to analyze the evidence in order to determine whether there exists an actual need for a formal trial. Ormet Primary Aluminum Corp. v. Employers Ins.of Wausau, 88 Ohio St.3d 292, 2000-Ohio-330.
 {¶ 7} Appellant argues that she was sold adulterated food in violation of R.C. 3715.52, which specifically prohibits the sale of any adulterated food. Food is considered adulterated if "it bears or contains any poisonous or deleterious substance which may render it injurious to health; but in case the substance is not an added substance, the food shall not be considered adulterated if the quantity of the substance in the food does not ordinarily render it injurious to health * * *." R.C.3715.59(A). Appellant further argues that the Supreme Court of Ohio has created a "reasonable expectation of the consumer" test in Allen v.Grafton (1960), 170 Ohio St. 249. As a result, appellant claims that the "reasonable expectation" of a consumer is an issue for a jury to decide and not appropriate for determination on a summary judgment motion. We disagree with appellant.
 {¶ 8} In a case involving a serving of fried oysters containing a piece of oyster shell, the Allen court stated: "In the instant case, it is not necessary to hold, as some of the above-cited cases do, that, because an oyster shell is natural to an oyster and thus not a substance `foreign' to an oyster, no liability can be predicated upon the sale of a fried oyster containing a piece of oyster shell. However, the fact that something that is served with food and that will cause harm if eaten is natural to that food and so not a `foreign substance,' will usually be an important factor in determining whether a consumer can reasonably anticipate and guard against it. * * *. In our opinion, the possible presence of a piece of oyster shell in or attached to an oyster is so well known to anyone who eats oysters that we can say as a matter of law that one who eats oysters can reasonably anticipate and guard against eating such a piece of shell, especially where it is as big a piece as the one described in plaintiff's petition." Allen, supra, at 258-259. Based upon that logic, the Supreme Court of Ohio held that the food was not adulterated within the meaning of R.C. 3715.59, and the granting of summary judgment in favor of the defendant/restaurant was appropriate.
 {¶ 9} Following the lead of the Supreme Court of Ohio, various courts in Ohio have determined, as a matter of law, that a consumer should have reasonably anticipated the existence of a substance natural to the ingredients of that food prior to its preparation. Mitchell v.Fridays, 140 Ohio App.3d 459, 2000-Ohio-2591, (clam shells in fried clams); Mathews v. Marysville Seafoods Inc. (1991), 76 Ohio App.3d 624, (oyster shells in oysters); Krumm v. ITT Continental Baking Co. (Dec. 9, 1981), 5th Dist. No. 23-CA-81, 1981 Ohio App. LEXIS 12451, (cherry pits in a cherry pie). Also included in the list of foods that consumers should reasonably anticipate and guard against are pecan shells in a pecan cookie. See Soles v. Cheryl Co. Gourmet Food Gifts, 3rd Dist. No. 14-99-36, 1999-Ohio-932, 1999 Ohio App. LEXIS 5529. In doing so, the above courts have reasoned that "courts cannot and must not ignore the common experience of life and allow rules to develop that would make sellers of food or other consumer goods insurers of the products they sell." Mathews, supra, at 627.
 {¶ 10} It is undisputed that the pistachio shell caused plaintiff's alleged injury. Upon thorough review of the record in this matter, this court concludes that common sense dictates that the presence of a pistachio shell in a pistachio nut ice cream cone is a natural occurrence that appellant reasonably should have anticipated and guarded against. Construing the evidence before the court most strongly in favor of appellant, reasonable minds can only conclude that appellee is entitled to summary judgment as a matter of law. We therefore hold appellant's sole assignment of error is without merit. The decision of the trial court is hereby affirmed.
Judgment affirmed.
DONALD R. FORD, P.J., and JUDITH A. CHRISTLEY, J., concur.