OPINION
{¶ 1} Plaintiffs-appellants, Lucky Cyrus and Ella Simpson, appeal the decisions from the Clermont County Court of Common Pleas granting summary judgment in favor of defendant-appellant, Home Depot USA, Inc. and granting a motion for judgment on the pleadings in favor of defendant-appellant, DD Carpet Installation Service, Inc.[1] We affirm *Page 2 
the decision of the trial court.
 {¶ 2} In the fall of 2003, appellants purchased new carpeting and installation from Home Depot. Appellants purchased the carpet in response to an advertisement from Home Depot which stated, "Carpet Installed for you — Licensed and insured professionals will: Visit your home before the installation to verify conditions and confirm measurements; Deliver your new carpet and pad up to 30 miles from store; Install your new carpet and pad including all metal transition strips; Clean up and vacuum the area when finished." Home Depot retained DD to provide the carpet installation services. Following the purchase, DD contacted appellants to set up the installation date. DD retained Derek Sullivan to perform the installation. On December 2, 2003, Sullivan, along with another individual, went to the residence to install the carpet. When attempting to carry the roll of carpet into the residence, Sullivan asked Cyrus if he would be willing to assist. Cyrus agreed. As Sullivan transferred the roll to Cyrus, Cyrus claimed that the sudden weight strained his right shoulder.
 {¶ 3} Also while at the residence, Sullivan stole various personal items from appellants, including credit cards, checks and $5 in cash. Sullivan was subsequently convicted of one count of burglary.
 {¶ 4} Appellants filed suit against Home Depot, DD and Sullivan for invasion of privacy, intentional infliction of emotional distress, negligent infliction of emotional distress, personal injury and breach of warranty/contract due to the burglary and personal injuries sustained by Cyrus.[2] Appellees moved for summary judgment. The trial court granted summary judgment in favor of appellees on all claims except the personal injury claim against DD, finding that Sullivan and DD were independent contractors of Home Depot and, as a result, Home Depot was not responsible for Sullivan's intentional acts. Thereafter, DD filed *Page 3 
a motion for judgment on the pleadings and partial summary judgment regarding the personal injury claim. Appellants filed their response 62 days late. DD moved to strike appellants' memorandum in opposition. The trial court granted DD's motions to strike and motion for judgment on the pleadings, finding that appellants failed to plead "particularly what duty was owed." Appellants timely appeal, raising two assignments of error.
 {¶ 5} Assignment of Error No. 1:
 {¶ 6} "WHERE THERE EXIST A MATERIAL ISSUES OF FACT IT IS IMPROPER FOR A TRIAL COURT TO GRANT A MOTION FOR SUMMARY JUDGMENT AS THE COURT IN THIS CASE DID IN ITS DECISION OF MARCH 12, 2007."
 {¶ 7} In their first assignment of error, appellants argue the trial court erred in granting summary judgment. Appellants argue that a genuine issue of material fact exists as to whether Home Depot's advertisement that the carpet would be installed by "licensed and insured professionals" creates an agency by estoppel and, as a result, Home Depot is responsible for Sullivan's misconduct.
 {¶ 8} This court's review of a trial court's ruling on a motion for summary judgment is de novo. Broadnax v. Greene Credit Service (1997),118 Ohio App.3d 881, 887. In reviewing a summary judgment, an appellate court must apply the standard found in Civ. R. 56. According to Civ. R. 56, a trial court should grant summary judgment only when: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but on conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64, 66.
 {¶ 9} Generally, a principal is not liable for the acts of an independent contractor. Strayer v. Lindeman (1981), 68 Ohio St.2d 32, 24. A principal may be held vicariously liable *Page 4 
under the doctrine of agency by estoppel. Albain v. Flower Hospital
(1990), 50 Ohio St.3d 251, 256.
 {¶ 10} Appellants do not dispute that Sullivan was an independent contractor. Rather, appellants claim that Home Depot is responsible for Sullivan's acts due to the agency by estoppel exception. Appellants argue that an agency by estoppel was created by the Home Depot advertisement and because Home Depot held DD and Sullivan out as its agents.
 {¶ 11} An agency by estoppel is created where a principal holds an agent out as possessing authority to act on the principal's behalf, or the principal knowingly permits the agent to act as though the agent had such authority. McSweeney v. Jackson (1996), 117 Ohio App.3d 623, 630. For a principal to be bound by an agent's acts, the evidence must show that: 1) the defendant made representations leading the plaintiff to reasonably believe that the wrongdoer was operating as an agent under the defendant's authority; and 2) the plaintiff was thereby induced to rely upon the ostensible agency relationship to his or her detriment.Shaffer v. Maier, 68 Ohio St.3d 416, 418, 1994-Ohio-134.
 {¶ 12} Appellants' own testimony demonstrates that they knew DD and Sullivan were not agents of Home Depot and that they did not rely upon any agency relationship. Appellants were aware that DD and Sullivan were independent contractors responsible for the installation of the carpet. During her deposition, Ella Simpson stated that she understood that DD was performing the installation. Simpson scheduled the installation directly with DD and had no contact with anyone from Home Depot regarding the installation. Further, when performing the installation, neither Sullivan nor his helper wore any Home Depot logos or identification or otherwise identified themselves as agents of Home Depot. Accordingly, the doctrine of agency by estoppel is not applicable in this case and the trial court properly concluded that DD was an independent contractor of Home Depot.
 {¶ 13} Further, with regard to DD, the trial court found that DD was not liable for *Page 5 
Sullivan's intentional acts because they were not within the scope of his employment. The doctrine of respondeat superior holds an employer liable for torts committed by an employee within the scope of employment. Kuhn v. Youlten (1997), 118 Ohio App.3d 168, 176. For an employer to be held vicariously liable for the intentional tort of its employee, it must be shown that at the time the tort occurred, the employee was acting within the scope of his employment and in furtherance of the employer's business. Id. Accordingly, Sullivan's intentional act of theft cannot be imputed to DD because such an act is outside the scope of his employment and not in furtherance of DD's business. Further, appellants acknowledge in their depositions that the theft was not in furtherance of the carpet installation.
 {¶ 14} Appellants' first assignment of error is overruled.
 {¶ 15} Assignment of Error No. 2:
 {¶ 16} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE PLAINTIFF BY GRANTING A MOTION FOR JUDGMENT ON THE PLEADINGS AND A MOTION FOR SUMMARY JUDGMENT IN THE COURT'S DECISION OF JULY 31, 2007."
 {¶ 17} In their second assignment of error, appellants argue the trial court erred by granting the motion for judgment on the pleadings based upon the claim that appellees were "unable to discern from the complaint the basis for the Plaintiffs' personal injury claim, particularly what duty was owed to the Plaintiff."[3]
 {¶ 18} A Civ. R. 12(C) motion for judgment on the pleadings presents only questions of law. Fontbank, Inc. v. CompuServe, Inc. (2000),138 Ohio App.3d 801, 807. Accordingly, we *Page 6 
must conduct a de novo review of all legal issues without deference to the determination of the trial court. Id. Dismissal is appropriate under Civ. R. 12(C) when, construing all material allegations in the complaint, along with all reasonable inferences drawn therefrom in favor of the nonmoving party, the court finds that the plaintiff can prove no set of facts in support of its claim that would entitle it to relief. State exrel. Midwest Pride IV, Inc. v. Pontious, 75 Ohio St.3d 565, 570,1996-Ohio-459.
 {¶ 19} Civ. R. 12(C) provides, "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."
 {¶ 20} "In ruling on a Civ. R. 12(C) motion, a court is permitted to consider both the complaint and the answer." Pontious at 570. "In doing so, the court must construe the material allegations in the complaint, with all reasonable inferences drawn therefrom, as true and in favor of the non-moving party." Whaley v. Franklin Cty. Bd. of Commrs. (2001),92 Ohio St.3d 574, 581. "A court granting the motion must find that the plaintiff can prove no set of facts in support of the claims that would entitle him or her to relief." Pontious at 570.
 {¶ 21} The trial court in this case stated, "[t]he plaintiffs' complaint sets forth the personal injury claim as follows:
 {¶ 22} "29. On or about December 2, 2003, Defendants failed to provide adequate workers for the purpose of delivering and carrying the carpeting into the residence of Plaintiffs.
 {¶ 23} "30. As a result, Defendant Sullivan asked Plaintiff, Luckey Cyrus, to assist with lifting and moving the carpeting.
 {¶ 24} "31. As a direct and proximate result of this activity, Plaintiff Luckey Cyrus injured his back and suffered personal injury.
 {¶ 25} "32. Plaintiff Luckey Cyrus is entitled to compensatory damages for his personal injury from Defendants. *Page 7 
 {¶ 26} "As the court noted in its previous decision, it is unable to discern from the complaint the basis of plaintiff's personal injury claim, particularly what duty was owed to the plaintiff. Even construing all of the facts in the complaint in favor of the plaintiff, the complaint fails to set forth a personal injury claim showing that the plaintiff is entitled to relief. As a result, the defendants' motion for judgment on the pleadings is well-taken and shall be granted."
 {¶ 27} We agree with the decision and analysis of the trial court. Appellants failed to state what duty they believed was owed to them. Construing all of the allegations in the complaint in favor of appellants, their complaint fails to set forth a personal injury claim showing that they are entitled to relief.
 {¶ 28} Appellants' second assignment of error is overruled.
 {¶ 29} Judgment affirmed.
BRESSLER, P.J., and YOUNG, J., concur.
[1] Pursuant to Loc. R. 6(A), we have sua sponte removed this appeal from the accelerated calendar.
[2] Sullivan never entered an appearance or answered the lawsuit. It appears from the trial court docket that Sullivan was never served with the complaint.
[3] {¶ a} In the same decision granting DD's motion for judgment on the pleadings, the trial court also granted DD's motion to strike appellants' memorandum in opposition because it was filed 62 days late. Appellants have not appealed the trial court's decision on the motion to strike and there is no transcript of the oral argument on the motions filed with the instant appeal. As a result there is no opposition in the record to DD's motions.
{¶ b} In addition, in this assignment of error, appellants argue that, rather than the motion for judgment on the pleadings, "the proper response should have been a motion for a more definite statement." This argument was not before the trial court, nor do appellants cite any authority for this argument. Accordingly, we will not address this argument. *Page 1