

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

SHAWN SMITH

Plaintiff

v.

NORTHEAST OHIO MEDICAL UNIVERSITY

Defendant

Case No. 2012-06017-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

FINDINGS OF FACT

{¶1}    1)    Plaintiff, Shawn Smith, asserted on June 5, 2012 while attending a Time Warner Cable luncheon held at defendant, Northeast Ohio Medical University ("NOMU"), he bit into a "ham wrap sandwich (when) a piece of bone or something broke a piece of my tooth."  Plaintiff contended as the result of defendant negligently serving a sandwich which contained a "piece of gristle or bone" he sustained damages to his tooth.

{¶2}    2)    Plaintiff filed this complaint seeking damages in the amount of $2,400.00 for tooth repair and pain and suffering experienced at the time of the incident. Plaintiff submitted the $25.00 filing fee with the complaint.

{¶3}    3)    Defendant has denied liability in this matter contending it is not responsible for the existence of gristle or bone in a ham sandwich.  Defendant stated:

{¶4}    "Gristle and bone are substances that are natural to ham, even when in a

wrap-style sandwich.  Further, the University has used this particular brand of lunchmeat for over five years and has not had any sort of complaints regarding the ham having dangerous gristle or bone in it.  Simply put, Plaintiff cannot establish that Defendant breached any duty owed to Plaintiff."

{¶5}    4)     Plaintiff submitted a response to defendant's investigation report.

CONCLUSIONS OF LAW

{¶6}    1)     For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries.  *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,788 N.E. 2d 1088, ¶8 citing *Menifee v. Ohio Welding Products, Inc.,* 15 Ohio St. 3d 75, 77, 472 N.E. 2d 707 (1984).  Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence.  *Barnum v. Ohio State University,* 76-0368-AD (1977).

{¶7}    2)     "In *Allen v. Grafton* (1960), 170 Ohio St. 249, 164 N.E. 2d 167, the Supreme Court of Ohio held that a piece of oyster shell present in a fried oyster was insufficient to justify the legal conclusion that the entire serving was not reasonably fit for eating.  See id. at syllabus.  In support of its reasoning, the Supreme Court stated that '[b]ones which are natural to the type of meat served cannot legitimately be called a foreign substance, and a consumer who eats meat dishes ought to anticipate and be on his guard against the presence of such bones.  *** Certainly no liability would attach to a restaurant keeper for the serving of T-bone steak, or a beef stew, which contained a bone natural to a type of meat served, or if a fish dish should contain a fish bone, or if a cherry pie should contain a cherry stone ***.'  *Allen*, supra, quoting *Mix v. Ingersoll Candy Co.* (1936), 6 Cal. 2d 674, 59 P. 2d 144  (It is a 'matter of common knowledge [that] chicken pies occasionally contain chicken bones.')."  *Ruvolo v. Homovich*, 149

Ohio App. 3d 701, 2002-Ohio-5852, 788 N.E. 2d 661 (8th Dist.).

{¶8}   3)     Bone and gristle are natural occurring substances contained in a ham sandwich.   Accordingly, a "consumer should reasonably anticipate" the appearance of bone or gristle in a ham sandwich.   *Ruvolo* at 703.   And one who eats a meat sandwich "must reasonably anticipate and guard against" the presence of bones therein.   See *Mitchell v. Fridays*, 140 Ohio App. 3d 459, 2000-Ohio-2591, 748 N.E. 2d 89 (7th Dist.); *Matthews v Maysville Seafoods, Inc.*, 76 Ohio App. 3d 624, 602 N.E. 2d 764 (12th Dist. 1991); *Patton v. Flying J, Inc.*, 6th Dist. No. WD-96-056 (June 6, 1997).

{¶9}   4)     In the case at bar, plaintiff has failed to present any evidence that he bit into a foreign substance and accordingly, failed to prove, by a preponderance of the evidence, that defendant breached any duty owed to him.   Therefore, plaintiff's claim is denied.

[Cite as *Smith v. N. Ohio Med. Univ.*, 2013-Ohio-5919.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

SHAWN SMITH

    Plaintiff

    v.

NORTHEAST OHIO MEDICAL UNIVERSITY

    Defendant

Case No. 2012-06017-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Shawn Smith
383 W. Wimisila Road
Akron, Ohio 44319

Amy Furey-Ligan
Office of the General Counsel
Northeast Ohio Medical University
4209 SR 44, P.O. Box 95
Rootstown, Ohio 44272

DRB/laa
filed 2/28/13
sent to S.C. Reporter 1/30/14