**RUVOLO, Appellant,**

v.

**HOMOVICH et al., Appellees.**

[Cite as *Ruvolo v. Homovich,* 149 Ohio App.3d 701, 2002-Ohio-5852.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 80896.

Decided Oct. 24, 2002.

William L. Blake, for appellant.

Marshall, Dennehey, Warner, Coleman & Goggin and Samuel G. Casolari Jr., for appellees.

---

COLLEEN CONWAY COONEY, Judge.

{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the record from the lower court, the briefs, and the oral arguments of counsel.

{¶ 2} Plaintiff-appellant William Ruvolo appeals from the trial court's granting summary judgment in favor of Taco Bell Corporation, Keystone Foods Corporation, and Ameriservice Food Distribution, Inc. We find no merit to the appeal, and therefore we affirm.

{¶ 3} On August 6, 1998, Ruvolo purchased two chicken gordita sandwiches from Taco Bell. While eating the second sandwich, he felt a sharp pain in his throat and dislodged a chicken bone. The bone caused a scrape in his throat, and, as a result, he was treated at an emergency room. The following day, Ruvolo was diagnosed with acute tonsillitis, pharyngitis, sinusitis, and gastritis.

{¶ 4} Ruvolo commenced this action against Taco Bell and its food distributors. He alleged that the infections were due to the chicken bone's scratching his throat and causing an opening where germs and bacteria could enter. He further alleged that Taco Bell and its food distributors were liable because of their failure to properly inspect the chicken.

{¶ 5} On January 22, 2002, the trial court granted summary judgment in favor of Taco Bell, Keystone, and Ameriservice.

{¶ 6} Ruvolo raises two assignments of error on appeal.

{¶ 7} In his first assignment of error, Ruvolo contends that a jury question is raised regarding whether a customer would reasonably anticipate that a chicken bone might be contained in a sandwich when the chicken is concealed within a flour tortilla. Accordingly, he maintains that summary judgment was not appropriate under the reasonable expectation analysis.

{¶ 8} In *Allen v. Grafton* (1960), 170 Ohio St. 249, 10 O.O.2d 289, 164 N.E.2d 167, the Supreme Court of Ohio held that a piece of oyster shell present in a fried oyster was insufficient to justify the legal conclusion that the entire serving was not reasonably fit for eating. See id. at syllabus. In support of its reasoning, the Supreme Court stated that " 'bones which are natural to the type of meat served cannot legitimately be called a foreign substance, and a consumer who eats meat dishes ought to anticipate and be on his guard against the presence of such bones. * * * Certainly no liability would attach to a restaurant keeper for the serving of T-bone steak, or a beef stew, which contained a bone natural to the type of meat served, or if a fish dish should contain a fish bone, or if a cherry pie should contain a cherry stone * * *.' " *Allen*, supra, quoting *Mix v. Ingersoll Candy Co.* (1936), 6 Cal.2d 674, 59 P.2d 144 (It is a "matter of common knowledge [that] chicken pies occasionally contain chicken bones.").

{¶ 9} In cases following *Allen*, courts have determined that the presence of a piece of clam shell in a fried clam strip or fish bones in a fish fillet does not give rise to liability on the part of the preparer of such food, and one who eats such a dish "must reasonably anticipate and guard against" the presence of bones therein. See *Mitchell v. T.G.I. Fridays* (2000), 140 Ohio App.3d 459, 748 N.E.2d 89; *Mathews v. Maysville Seafoods, Inc.* (1991), 76 Ohio App.3d 624, 627, 602 N.E.2d 764; *Schoonover v. Red Lobster Inns of Am., Inc.* (Oct. 15, 1980), 1st Dist. No. C–790547.

{¶ 10} In *Patton v. Flying J, Inc.* (June 6, 1997), 6th Dist. No. WD–96–056, 1997 WL 327158, a customer was injured when he swallowed a chicken bone that was present in a fast-food chicken sandwich. In finding in favor of the restaurant, the court stated that "common sense dictates that the presence of bone fragments in chicken meat is a natural enough occurrence that appellant reasonably should have expected and guarded against it."

{¶ 11} We find that the chicken in the gordita sandwich consumed by Ruvolo was concealed in manner similar to chicken that is contained in a pot pie or a traditional sandwich. Accordingly, he should reasonably have anticipated the natural occurrence of bone fragments in his chicken meat. See *Mix* and *Patton,*

supra. Thus, the defendants were entitled to summary judgment as a matter of law.

{¶ 12} In his second assignment of error, Ruvolo maintains that the trial court erred in failing to compel the defendants to answer interrogatories regarding their inspection process for the chicken served to him at the Taco Bell restaurant. Taco Bell objected to the interrogatory as overly broad but agreed to provide the procedures manual supplied to its franchisees as long as Ruvolo signed a confidentiality agreement.

{¶ 13} Throughout this action Ruvolo routinely filed motions to compel. In his first and fifth motions to compel, he requested that the defendants be compelled to provide information regarding the preparation and inspection processes. In response, Taco Bell reiterated its position that it would provide such information upon Ruvolo's signing a confidentiality agreement.

{¶ 14} A trial court's ruling on discovery issues will not be reversed in the absence of an abuse of discretion. *Baynard v. Oakwood Village* (Oct. 16, 1997), Cuyahoga App. No. 71711, 1997 WL 638807. Here, the trial court did not abuse its discretion in denying Ruvolo's motions to compel. A review of the record reveals that the defendants were being cautious yet cooperative throughout the discovery process. In addition, the parties could have easily remedied the discovery problem without invoking the trial court's assistance.

{¶ 15} Further, assuming arguendo that the trial court erred in failing to compel said discovery response, the error is harmless. As stated above, food preparers are not liable for the presence of bones in a chicken breast because it is a natural occurrence. Thus, the method of inspection used by the defendants would not alter the result herein. Accordingly, this assignment of error is overruled.

Judgment affirmed.

ANNE L. KILBANE, P.J., concurs.

TERRENCE O'DONNELL, J., concurs in judgment only.