OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court, the parties' briefs, and their oral arguments before this court. Defendant-Appellant, Mark Pietrzak, appeals the decision of the Columbiana County Court of Common Pleas that granted judgment to Plaintiff-Appellee, Henry Spack Service, Inc. Pietrzak argues that the trial court erred by not granting his motion for discovery sanctions, but he fails to demonstrate that he was prejudiced by the trial court's failure to grant his motion. He provided this court with neither a complete transcript of the hearing before the trial court nor any evidence that he was prejudiced by the trial court's decision. Thus, the trial court's decision is affirmed.
 Facts {¶ 2} On August 22, 2002, Henry Spack Service filed a complaint against Pietrzak for payment for services rendered. Pietrzak counterclaimed, alleging that Henry Spack Services breached its contract with him.
 {¶ 3} Pietrzak apparently tried requesting discovery in March 2004 since an April 1, 2004, judgment entry sua sponte struck his "First Set of Combined Interrogatories and Request for Production of Documents" as being improperly filed. Pietrzak then filed a certificate of notice of service indicating that his "First Set of Combined Interrogatories and Request for Production of Documents" was served upon Henry Spack Service's attorney on March 31, 2004.
 {¶ 4} Henry Spack Service had not responded to Pietrzak's discovery request by June 2, 2004. Accordingly, Pietrzak moved to compel discovery that day so that it would be completed before the depositions scheduled for June 9, 2004. The trial court granted that motion on June 3, 2004.
 {¶ 5} On June 18, 2004, Pietrzak moved for discovery sanctions. According to that motion, Henry Spack Services did not respond to his discovery request until June 18, 2004, and that those responses were incomplete. Pietrzak asked that the trial court either dismiss Henry Spack Service's claim or continue the scheduled trial. The trial court set the matter for an oral hearing to be held on June 25, 2004, but the record does not contain a transcript of that hearing or a judgment entry arising from that hearing. The trial court never filed a judgment entry ruling on Pietrzak's motion for discovery sanctions.
 {¶ 6} The matter proceeded to a jury trial and the jury entered a verdict for Henry Spack Service on both its claim and Pietrzak's counterclaim on June 29, 2004. The trial court memorialized this in an October 18, 2004 judgment entry.
 {¶ 7} Pietrzak did not request a transcript of any testimony when he filed his notice of appeal. However, on November 4, 2005, after the case had been scheduled for oral argument, Pietrzak asked this court to include a transcript of Henry Spack's trial testimony in support of his appeal. This court granted his motion on November 14, 2005.
 Failure to Impose Discovery Sanctions {¶ 8} In his sole assignment of error, Pietrzak argues:
 {¶ 9} "The trial court erred by denial to Defendant-Appellant of the intent and regular proceeding of the law, and of those rights guaranteed to every citizen under Article 1, Section 5 and Article 1, Section 16 of the Bill of Rights of the Constitution of the State of Ohio."
 {¶ 10} Pietrzak contends that the trial court violated his rights to due process and a jury trial by failing to impose discovery sanctions on Henry Spack Service. He claims that the answers to discovery that Henry Spack Service provided were insufficient and that the trial court should have imposed some kind of discovery sanction rather than allowing the matter to proceed to a jury trial.
 {¶ 11} Henry Spack Service has not filed an appellate brief. When an Appellee files no brief with the reviewing court, "the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action." App.R. 18(C).
 {¶ 12} Civ.R. 37 gives a trial court the authority to make "just' orders in response to a party's violation of the discovery rules or court orders. Laubscher v. Branthoover (1991),68 Ohio App.3d 375, 381. Appellate review of a trial court's decision in pretrial discovery disputes is limited to determining whether the trial court abused its discretion. Anderson v. A.C. S., Inc.
(1992), 83 Ohio App.3d 581, 585. The term "abuse of discretion' connotes more than an error of law or judgment; rather, that the court's attitude is unreasonable, arbitrary or unconscionable.Quonset Hut, Inc. v. Ford Motor Co., 80 Ohio St.3d 46, 47, 1997-Ohio-0359. But even if the trial court has abused its discretion in failing to compel compliance with the order to respond to plaintiff's discovery requests, we will not overturn its decision unless the aggrieved party shows prejudice. Ruvolov. Homovich, 149 Ohio App.3d 701, 2002-Ohio-5852, at ¶ 15.
 {¶ 13} In this case, the trial court set the matter for an oral hearing, where Piertrzak had an opportunity to demonstrate his prejudice, but Pietrzak has not provided this court with a transcript of that hearing. Instead, he has provided this court with Spack's trial testimony. This is problematic for two reasons.
 {¶ 14} First, the transcript Pietrzak has provided this court is a partial transcript of one witness's trial testimony, not a complete transcript of the oral hearing on Pietrzak's motion for discovery sanctions. It is well settled that "[w]hen portions of the transcript necessary for resolution of assigned errors are omitted from the record, then the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199. Since the transcript Pietrzak has provided this court is of the incorrect proceeding, we cannot determine whether the trial court erred when denying discovery sanctions after the hearing conducted on that particular issue. Without a transcript of the oral hearing on Pietrzak's motion for discovery sanctions, we are forced to presume that Pietrzak failed to prove that he was prejudiced.
 {¶ 15} Second, Spack's trial testimony only makes tangential references to any issue which could have been raised at the prior hearing and fails to show that Pietrzak was prejudiced by any delay in producing discovery. At one point during cross-examination, an issue arose regarding whether Spack had certain records with him at trial. The following exchange occurred:
 {¶ 16} "Q: Do you have your log books with you?
 {¶ 17} "A: No.
 {¶ 18} "Q: Did we ask you to bring them?
 {¶ 19} "A: No.
 {¶ 20} "Q: Did we ask in the depositions for your log books?
 {¶ 21} "A: No.
 {¶ 22} "Q: Weigh slips? Do you have weigh slips with you to verify these items?
 {¶ 23} "A: I — I have almost no way, I could get them, but it would take weeks to go back four years and find those particular slips.
 {¶ 24} "Q: Well, you've had two years to do this.
 {¶ 25} "A: Well, you didn't ask for them until a week ago.
 {¶ 26} "* * *
 {¶ 27} "Q: Well, they were asked for in the interrogatories, and you —
 {¶ 28} "A: I did put the numbers of the slips, I have the number — the slip numbers. And also, Mark should have copies of these slips.
 {¶ 29} "Q: Henry, isn't it true that we asked for verification of your time, and hours, and weigh slips and you refused to answer that in the interrogatories?
 {¶ 30} "A: That's not true, no.
 {¶ 31} "Q: Did you answer the interrogatories?
 {¶ 32} "A: You're asking two questions in one.
 {¶ 33} "Q: My question is, did you answer the interrogatories that were directed to you?
 {¶ 34} "A: I guess. I would think I did.
 {¶ 35} "Q: Did you sign under oath that these were true and accurate copies of — or of your answers?
 {¶ 36} "A: True and accurate copies?
 {¶ 37} "Q: They are true and accurate answers.
 {¶ 38} "A: Yes.
 {¶ 39} "Q: You did?
 {¶ 40} "A: (No audible response)
 {¶ 41} "Q: Do you have those with you?
 {¶ 42} "A: Do I have what, weigh slips?
 {¶ 43} "Q: The interrogatories, answers, where you wrote — raised your right hand and said that they —
 {¶ 44} "A: — no, I have — I have never been given a copy.
 {¶ 45} "Q: Does your attorney have them?
 {¶ 46} "A: I don't know that. Yes, he does have them. I do know that. But I have never seen a copy of the interrogatories. Wait a minute, I might be confused. The interrogatories —
 {¶ 47} "Q: — the interrogatories are the written questions that I sent you and that you were supposed to answer —
 {¶ 48} "A: — okay.
 {¶ 49} "Q: — and return them to me.
 {¶ 50} "A: I was confused with the deposition.
 {¶ 51} "Q: Okay. The written questions that were sent to you and you were supposed to answer them.
 {¶ 52} "A: Yes.
 {¶ 53} "Q: You didn't answer within the time Judge Tobin ordered you to answer them.
 {¶ 54} "A: I didn't receive them for two months after that.
 {¶ 55} "Q: Two months after what?
 {¶ 56} "A: After they — I was supposed to have them back.
 {¶ 57} "Q: Okay. Well, have you answered them?
 {¶ 58} "A: I answered them the best I could."
 {¶ 59} This exchange shows that Spack may not have answered the interrogatories in a timely fashion, but it fails to show how Pietrzak was prejudiced by this delay. Indeed, since the transcript Pietrzak provided to this court is only a partial transcript, we cannot tell whether the delay impeded Pietrzak's ability to defend against the suit at all.
 {¶ 60} Pietrzak argues the trial court erred by not imposing discovery sanctions on Henry Spack Services. However, Pietrzak has failed to provide this court with a transcript of the hearing where the trial court dealt with this issue. Moreover, the portion of the trial transcript which Pietrzak has provided fails to demonstrate how he was prejudiced by any delay in discovery. Accordingly, his sole assignment of error is meritless and the judgment of the trial court is affirmed.
Donofrio, P.J., concurs.
Vukovich, J., concurs.