[Cite as *Stefansky v. Cantina Laredo Columbus/Nashville, L.P. c/o CT Corp.*, 2016-Ohio-7008.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Darci Stefansky, | : | |
| Plaintiff-Appellant, | : | No. 15AP-927 |
| | | (C.P.C. No. 13CVC-5023) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Cantina Laredo Columbus/Nashville, L.P. c/o CT Corporation, | : | |
| | : | |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on September 27, 2016

**On brief:** *Cesner Law, L.L.C.*, and *Robert E. Cesner, Jr.*, for appellant. **Argued:** *Robert E. Cesner, Jr.*

**On brief:** *Gallagher Sharp, Thomas J. Cabral, Colleen A. Mountcastle*, and *Steven D. Strang*, for appellee. **Argued:** *Colleen A. Mountcastle.*

APPEAL from the Franklin County Court of Common Pleas

BROWN, J.

{¶ 1} Darci Stefansky, plaintiff-appellant, appeals the following two judgments of the Franklin County Court of Common Pleas: (1) a judgment in which the trial court granted the motion for summary judgment filed by Cantina Laredo, Columbus/Nashville L.P., c/o CT Corporation, defendant-appellee, and (2) a judgment in which the trial court denied appellant's motion for relief from judgment pursuant to Civ.R. 60(B).

{¶ 2} On April 25, 2012, appellant was dining at the Cantina Laredo restaurant, which is owned by appellee. Appellant ordered three fish tacos. When she bit into the

second taco, she bit into a fish bone. After speaking to the manager, the manager gave appellant a complimentary dessert and a new order of fish tacos. Appellant took the new order of fish tacos home without eating any of them. On April 26, 2012, while eating the new order of fish tacos, appellant bit into a hard object. She chipped her tooth and suffered pain, requiring significant dental work.

{¶3} On May 6, 2013, appellant filed a complaint against appellee, alleging negligence. Her counsel at the time of the filing of the complaint was George Georgeff. After the parties had difficulties scheduling appellant's deposition, on November 26, 2013, the trial court stayed the proceedings, at appellant's request, on the basis that appellant was unable to be deposed due to medical incapacity. Appellant was deposed on June 20, 2014.

{¶4} In January 2015, Georgeff was injured in a car accident. During his hospitalization, he was diagnosed with another medical condition that required treatment. Appellant claims that during the ensuing months, Georgeff did not advise her regarding various legal issues involving the present action.

{¶5} The trial court lifted the stay on June 17, 2015.

{¶6} On June 29, 2015, appellee filed a motion for summary judgment.

{¶7} Appellant claims that, on July 1, 2015, Georgeff was admitted to a hospital due to his medical condition. On July 1, 2015, appellant asked the court for an extension of time to respond to appellee's discovery requests and pending motions, and the trial court granted a 30-day extension on July 7, 2015. On July 4, 2015, Georgeff went into a coma.

{¶8} Georgeff died on August 2, 2015. Appellant claims she had no knowledge of the pending motion for summary judgment during this time.

{¶9} On August 5, 2015, the office of appellant's counsel filed a motion to withdraw due to counsel's death. Appellant claims she was never served with appellee's motion. On August 18, 2015, the trial court filed an order granting the motion to withdraw. In the order, the trial court indicated that appellant would have until September 1, 2015 to obtain new counsel and/or respond to appellee's pending motions.

Appellant claims she was never properly served with the trial court's order. Appellant did not respond to the motion for summary judgment.

{¶10} On September 9, 2015, the trial court granted appellee's motion for summary judgment.

{¶11} On September 22, 2015, appellant's new counsel, her current appellate counsel, filed an entry of appearance. On the same date, appellant filed a motion for relief from judgment. On October 6, 2015, the trial court filed a decision and entry denying appellant's motion for relief from judgment. Appellant appeals the judgments, asserting the following assignments of error:

> [I.] THE TRIAL COURT ERRED IN DENYING PLAINTIFF'S MOTION FOR RELIEF FROM SUMMARY JUDGMENT GRANTED IN FAVOR OF THE DEFENDANT, BECAUSE THE PLAINTIFF WAS NOT GRANTED A FAIR OPPORTUNITY TO BE HEARD ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT.
>
> [II.] THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON SEPTEMBER 9, 2015, AND ERRED IN FAILING TO SET ASIDE SUMMARY JUDGMENT IN ITS DECISION AND ENTRY FILED OCTOBER 5, 2015.

{¶12} We address appellant's assignments of error together, as they are related. Appellant argues in both assignments of error that the trial court erred when it denied her motion for relief from judgment and granted appellee's motion for summary judgment. We first note that, although appellant raised the argument in her appellate brief that the trial court improperly treated her motion for relief from judgment as a Civ.R. 60(B) motion when she intentionally did not file it pursuant to Civ.R. 60(B), she concedes in her reply brief that the correct procedure to obtain relief from judgment is in accordance with Civ.R. 60(B).

{¶13} Civ.R. 60(B) provides that a trial court may relieve a party from a final judgment, order or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise or excusable neglect;
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated

intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.

The rule requires the motion to be made "within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken." Civ.R. 60(B). "A motion for relief from judgment under Civ.R. 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion." *Griffey v. Rajan*, 33 Ohio St.3d 75, 77 (1987). The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983), citing *State v. Adams*, 62 Ohio St.2d 151, 157 (1980). When applying an abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. *Berk v. Matthews*, 53 Ohio St.3d 161, 169 (1990).

{¶14} To prevail under Civ.R. 60(B), the movant must show that: (1) the movant has a meritorious defense or claim to present if relief is granted, (2) the movant is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5), and (3) the motion is made within a reasonable time. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. The movant must satisfy all three of these requirements to obtain relief. *State ex rel. Richard v. Seidner*, 76 Ohio St.3d 149, 151 (1996).

{¶15} Appellant raised two grounds for relief from judgment in her motion before the trial court. Appellant first argued that she was denied a full and fair opportunity to address appellee's motion for summary judgment due to her counsel's health issues and subsequent death during the pendency of the motion for summary judgment, and she had no notice of the motion for summary judgment, the motion to withdraw as counsel after his death, and the trial court's order granting the motion to withdraw, which provided appellant only 13 days to find a new attorney and/or respond to any pending motions. She

next argued that, even in the absence of a memorandum contra from appellant, the trial court should not have granted summary judgment because the object in the fish tacos was not naturally occurring and she was not required to identify the object specifically.

{¶16} Summary judgment is appropriate when the moving party demonstrates that: (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion when viewing the evidence most strongly in favor of the non-moving party, and that conclusion is adverse to the non-moving party. *Hudson v. Petrosurance, Inc.*, 127 Ohio St.3d 54, 2010-Ohio-4505, ¶ 29; *Sinnott v. Aqua-Chem, Inc.*, 116 Ohio St.3d 158, 2007-Ohio-5584, ¶ 29. Appellate review of a trial court's ruling on a motion for summary judgment is de novo. *Hudson* at ¶ 29. This means that an appellate court conducts an independent review, without deference to the trial court's determination. *Zurz v. 770 W. Broad AGA, L.L.C.*, 192 Ohio App.3d 521, 2011-Ohio-832, ¶ 5 (10th Dist.); *White v. Westfall*, 183 Ohio App.3d 807, 2009-Ohio-4490, ¶ 6 (10th Dist.).

{¶17} When seeking summary judgment on the ground that the non-moving party cannot prove its case, the moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on an essential element of the non-moving party's claims. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). The moving party does not discharge this initial burden under Civ.R. 56 by simply making a conclusory allegation that the non-moving party has no evidence to prove its case. *Id.* Rather, the moving party must affirmatively demonstrate by affidavit or other evidence allowed by Civ.R. 56(C) that the non-moving party has no evidence to support its claims. *Id.* If the moving party meets its burden, then the non-moving party has a reciprocal burden to set forth specific facts showing that there is a genuine issue for trial. Civ.R. 56(E); *Dresher* at 293. If the non-moving party does not so respond, summary judgment, if appropriate, shall be entered against the non-moving party. *Id.*

{¶18} Here, in addressing appellant's motion to vacate, the trial court concluded that appellant failed to satisfy the first prong of the *GTE* test by failing to demonstrate she had a meritorious claim. The court found that appellant had failed to provide any

evidence that would support a meritorious claim at trial because she could not identify the object she bit into.

{¶19} Whether the object was a fish bone or an object foreign to the food is legally significant. There are two tests to determine whether a food product is defective or adulterated: the "foreign-natural" test and the "reasonable-expectation" test. Ohio has not formally adopted either test. *Woeste v. Washington Platform Saloon & Restaurant*, 163 Ohio App.3d 70, 2005-Ohio-4694, ¶ 25 (1st Dist.). Under the foreign-natural test, substances that are natural to the type of food served (such as bones in fish or shell pieces in fried oysters) cannot legitimately be called a foreign substance, and a consumer who consumes such foods ought to anticipate and be on guard against the presence of such substances. *Mathews v. Maysville Seafoods, Inc.*, 76 Ohio App.3d 624, 625 (12th Dist.1991). Courts have applied this foreign-natural test to many types of food. *See*, *e.g.*, *Ruvolo v. Homovich*, 149 Ohio App.3d 701, 2002-Ohio-5852 (8th Dist.) (chicken bone fragments in a chicken gordita sandwich); *Mitchell v. T.G.I. Fridays,* 140 Ohio App.3d 459 (7th Dist.2000) (clam shells in fried clams)*; Parianos v. Bruegger's Bagel Bakery*, 8th Dist. No. 84664, 2005-Ohio-113, ¶ 15 (pig bone in a sausage, egg, and cheese bagel sandwich); *Lewis v. Handel's Homemade Ice Cream & Yogurt*, 11th Dist. No. 2002-T-0126, 2003-Ohio-3507 (pistachio shells in a pistachio nut ice cream cone); *Soles v. Cheryl & Co. Gourmet Food & Gifts*, 3d Dist. No. 14-99-36 (Nov. 23, 1999) (pecan shells in a pecan cookie); and *Krumm v. ITT Continental Baking Co.,* 5th Dist. No. 23-CA-81 (Dec. 9, 1981) (cherry pits in a cherry pie). Under the reasonable-expectation test, the focus is on what is reasonably expected by the consumer in the food as served, not what might be natural to the ingredients of that food prior to preparation. *Id.* As applied to an action for negligence, the test is related to the foreseeability of harm on the part of the defendant. *Id.*

{¶20} Appellant argues that, contrary to the trial court's conclusion, her deposition testimony was sufficient to establish a meritorious claim and a genuine issue of material fact. She claims her testimony demonstrated that she sufficiently described the object she bit into to raise a genuine issue of material fact and withstand summary judgment. In her deposition, the whole of appellant's testimony regarding her identification of the object was as follows:

A. I bit down on a foreign object in a fish taco from Cantina Laredo.

* * *

A. And it hurt, and it was a -- it's a -- I assumed it was a bone. It's round. It's hard. It's a -- it's something. It's a foreign object of some kind.

Q. Was it white?

A. No. It was dark. It almost kind of looks, I don't know, like wood. It just is -- it's round and hard * * *.

* * *

A. I have it. Dr. Levy looked at it too, I believe, or his assistant did, and he said it was a foreign object.

Q. Did he say specifically what it was?
A. No. But he couldn't really tell, but it's in with the fish.

Q. And you've been kind of using the word "foreign object" and "fish bone" interchangeably today. Would you agree with that?

A. Well, I would have to say yes. I distinctively knew a fish bone was in my tacos on Wednesday, April 25th, 2012; however, on the 26th, one would assume -- make an assumption it's a fish bone; however, it does not appear to be a fish bone, it doesn't look like a fish bone, and it looked completely different. It's a round, hard, foreign object. It is hard, and it was hard enough to cause my jaw to become ajarred and my tooth to chip.

Q. You don't know for sure what this object is; is that --

A. No.

Q. Would that be accurate?

A. Correct.

(Stefansky Depo. at 13, 37, 38-39.)

{¶21} Appellant also testified regarding what she told Dr. Mark Levy about the object:

> Q. When you described the incident to Dr. Levy, did you tell him it was a fish bone?
>
> A. No. I didn't know what it was.
>
> Q. But he did see it; correct?
>
> A. I can't confirm he saw it. I don't know if he did or his assistant at the time, but the witnesses who witnessed it were my mom and sister, and, of course, then Dr. Levy and his assistants.

(Stefansky Depo. at 43-44.)

{¶22} Counsel for appellee then showed appellant a February 4, 2013 letter from Dr. Levy and read the portion of the letter that stated, "Within a reasonable degree of certainty, as she had no prior symptoms I feel that her injuries were the result of her biting into a foreign body, most likely, as described by Ms. Stefansky, fish bones." However, appellant testified that she "never specified it was a fish bone to Dr. Levy. Dr. Levy -- I never specified either way." (Stefansky Depo. at 44, 45.)

{¶23} After reviewing this testimony, we agree with the trial court that the testimony was insufficient to demonstrate that appellant had a meritorious claim if relief were granted. To set forth a claim for negligence a plaintiff must prove four elements: (1) the existence of a duty owed by the defendant to the plaintiff, (2) a breach of that duty, (3) causation, and (4) damages. *Strother v. Hutchinson,* 67 Ohio St.2d 282, 285 (1981).

{¶24} Although the trial court did not indicate on what precise ground it was basing its denial of appellant's motion for relief from judgment, appellant failed to put forth any evidence to demonstrate there remains a genuine issue of material fact as to whether the object was a foreign object, she could have reasonably expected the object to be in the fish tacos, or appellee's negligence had caused the object to be in the tacos. Appellant's deposition testimony regarding the identification of the object was fatally indefinite. At first, her testimony suggested she assumed the object was a fish bone, but she then testified that it did not look like a fish bone. Ultimately, she conceded that she

did not know for sure what the object was. Her failure to present any evidence or testimony to identify the object or how it got into the food eviscerates her ability to raise any genuine issues of material fact as to whether the object was foreign to the food, was something she could not have reasonably expected in the food, or appellee's negligent act or omission had allowed or caused the object to be in the food. *See Currie v. Big Fat Greek Restaurant, Inc.*, 10th Dist. No. 12AP-440, 2012-Ohio-6168, ¶ 13-19 (summary judgment granted to restaurant when plaintiff could not identify the object she bit into when eating a gyro and could not point to defendant as the proximate cause of the injury); *Popham v. Golden Corral Corp.*, 12th Dist. No. CA2006-04-087, 2007-Ohio-1365, ¶ 22 (summary judgment was proper when plaintiff failed to produce the hook she claimed was in the serving of green beans she ate, there was no evidence supporting a conclusion that the restaurant created the alleged hazardous condition, and plaintiff presented no evidence describing or identifying the hook, except her own testimony and that of her sister); *Haughey v. Twins Group, Inc.*, 2d Dist. No. 2004-CA-7, 2005-Ohio-1371, ¶ 17-18 (summary judgment was proper for restaurant owner when plaintiff was unable to identify what she bit into that broke her tooth while eating pizza).

{¶25} Having failed to demonstrate such, appellant cannot show that she has a meritorious defense or claim to present if relief is granted or that any genuine issues of material fact remain. For these reasons, the trial court did not err when it granted summary judgment to appellee and denied appellant's motion to vacate the judgment.

{¶26} With regard to appellant's first assignment of error, appellant claims that she was not given a full and fair opportunity to respond to appellee's motion for summary judgment. She asserts she was without proper legal representation due to the fact that her attorney was hospitalized three days after appellee filed its motion for summary judgment and then lapsed into a coma three days thereafter and never recovered. She also argues the trial court granted summary judgment prematurely, given it granted the motion for summary judgment only eight days after the September 1, 2015 deadline for responses to motions that it imposed in its August 18, 2015 order granting the motion to withdraw. She contends she should have been permitted to obtain new counsel first and then have a deadline imposed for her response. She asserts that the 13 days the court gave her in its August 18, 2015 order to obtain legal representation and/or respond to any pending

motions was unreasonably brief. Appellant further contends that she was never served with the August 5, 2015 motion to withdraw filed by her counsel's office or the trial court's August 18, 2015 order granting the motion to withdraw.

{¶27} However, given our above analysis, we find that, even if she had responded to the motion for summary judgment, she would have been unable to demonstrate there remained any genuine issues of material fact. Appellant's motion to vacate makes it clear that appellant has no evidence to support the required elements of her action. Appellant had the opportunity to demonstrate she had a meritorious claim and that there were genuine issues of material fact in her motion to vacate, but she failed to present or point to any evidence to show such. For all of the foregoing reasons, we find the trial court did not err when it granted appellee's motion for summary judgment and denied appellant's motion to vacate judgment. Therefore, appellant's first and second assignments of error are overruled.

{¶28} Accordingly, appellant's two assignments of error are overruled, and the judgments of the Franklin County Court of Common Pleas are affirmed.

*Judgments affirmed.*

KLATT, J., concurs.
BRUNNER, J., dissents.

BRUNNER, J., dissenting.

{¶29} I respectfully dissent from the decision of the majority. The record shows that following appellant's attorney George Georgeff's death, a non-attorney filed a motion to withdraw his appearance on the deceased's behalf. Appellant contends that she was never served with the August 5, 2015 motion to withdraw filed by a non-attorney in Georgeff's office or the August 18, 2015 order of the trial court granting the motion to withdraw. Based on the record and upon learning of Georgeff's death via the motion, the trial court should have sua sponte withdrawn his appearance and served its order on appellant directly. No court should facilitate the unauthorized practice of law, even under circumstances as the death of attorney Georgeff.

{¶30} I agree with appellant that the 13 days the trial court gave her in its August 18, 2015 order to obtain legal representation and/or respond to any pending

motions was unreasonably brief. Nor can I countenance finding that appellant would have been unable to demonstrate there remained any genuine issues of material fact when she was not afforded a fair opportunity to respond to the dispositive motion that has now prejudiced her claim.

{¶31} Regardless of whether the appropriate vehicle was a motion for relief from judgment as was filed or a motion pursuant to Civ.R. 60(B), I would find that the trial court abused its discretion in not permitting appellant's new counsel enough time to represent her on the dispositive motion. On review, I am uncomfortable second guessing what appellant would, could or should have argued had she been given the opportunity by the trial court to respond to the motion for summary judgment. Applying Civ.R. 60(B)(5) to the circumstances under review, at the very least, this is a situation that justifies relief from judgment. Even taking into consideration that a stay had been imposed for two years prior to Georgeff's death due to appellant's physical inability to be deposed, the hurry to dispose of the case once it was reactivated did not serve the interests of a fair process. Accordingly, I would vacate the decision of the trial court with instructions that appellant be given a fair chance to respond to the motion for summary judgment.

_____